IN THE CIRCUIT COURT OF _____ **HARRISON** _____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | Case No. _20 - C - 273-3_ |
| | Judge: _MATISH_ |
| Robert Joseph Johnson | |
| | Plaintiff's Phone: (304) 441-8186 |

**vs.**

| **Defendant(s)** | **Days to Answer** | **Type of Service** |
|---|---|---|
| Osmose Utilities Services, Inc. | 30 | Secretary of State by counsel |
| Name | | |
| 209 West Washington Street | | Defendant's Phone: |
| Street Address | | |
| Charleston, WV 25302 | | |
| City, State, Zip Code | | |

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No   CASE WILL BE READY FOR TRIAL BY (Month/Year): 11 / 2021

| **IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?** [ ] Yes [✓] No | **IF YES, PLEASE SPECIFY:** |
|---|---|
| | [ ] Wheelchair accessible hearing room and other facilites |
| | [ ] Reader or other auxiliary aid for the visually impaired |
| | [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing |
| | [ ] Spokesperson or other auxiliary aid for the speech impaired |
| | [ ] Foreign language interpreter-specify language: _____ |
| | [ ] Other: _____ |

| | Representing: |
|---|---|
| Attorney Name: Eric M. Hayhurst | [✓] Plaintiff [ ] Defendant |
| Firm: HAYHURST LAW, PLLC | [ ] Cross-Defendant [ ] Cross-Complainant |
| Address: 34 Commerce Drive, Suite 203, Morgantown, WV 26501 | [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant |
| Telephone: (304) 212-7099 | |

[ ] **Proceeding Without an Attorney**

Original and __2__ copies of complaint enclosed/attached.

Dated: _11_ / _16_ / _2020_   Signature: _____

SCA-C-100:  Civil Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

EXHIBIT A

## SUMMONS

### IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

**ROBERT JOSEPH JOHNSON**

      **Plaintiff,**

**v.**

**OSMOSE UTILTIES SERVICES, INC.,**
**a Gerogia Corporation, and**
**JUSTIN PAGE, individually,**

      **Defendants.**

**CIVIL ACTION NO.:** *20-C-273-3*
**HONORABLE:** _MATISH_

**TO:**  **OSMOSE UTILITIES SERVICES, INC.,**
     **c/o CORPORATION SERVICE COMPANY**
     **209 WEST WASHINGTON STREET**
     **CHARLESTON, WV 25302**

ACCEPTED FOR SERVICE OF PROCE[SS]

2020 DEC 22 P 3: [?]

SECRETARY OF STATE STATE OF WEST VIRGINIA

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required

to serve upon **Eric M. Hayhurst**, Plaintiff's attorney, whose address is **34 Commerce Dr., Ste. 203,**

**Morgantown, WV 26501,** an answer, including any related counterclaim you may have, to the **Complaint**

filed against you, along with the **"Plaintiff's First Set of Interrogatories and Requests for Production**

**of Documents Directed to Defendant Osmose Utilities Services, Inc.,"** in the above-styled civil action,

a true copy of which is herewith delivered to you. You are required to serve your answer to the Complaint

within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail

to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you

will be thereafter barred from asserting in another action any claim you may have which must be asserted

by counterclaim in the above-styled civil action. The attached discovery requests contain the information

about when and how your responses to those requests may be made.

Dated: _11/20/2020_

_Albert F. Marano_ ho
Clerk of Court

By: _THWickenhofer_

EXHIBIT A

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

ROBERT JOSEPH JOHNSON,

        Plaintiff,

v.                                  CIVIL ACTION NO.: _20-C-273-3_
                                          HONORABLE: _Matish_

OSMOSE UTILTIES SERVICES, INC.,
a Georgia Corporation.

        Defendant.

## COMPLAINT

Now comes the Plaintiff, Robert Joseph Johnson, by and through his counsel, Eric M. Hayhurst, Esq. of Hayhurst Law PLLC, and states as follows for his Complaint:

### Parties

1.     The Plaintiff, Robert Joseph Johnson ("Mr. Johnson"), is a resident of Independence, Preston County, West Virginia.

2.     Upon information and belief, Defendant Osmose Utility Services, Inc. ("Osmose"), is a Georgia Corporation, with its principal place of business in Peachtree, Georgia and conducting business in Harrison County, West Virginia.

### Jurisdiction and Venue

3.     This Court has jurisdiction over this matter and the parties as the Plaintiff is a resident of West Virginia and the Defendant transacts business in this state and/or caused tortious injury pursuant to *West Virginia Code* §56-3-33 and the amount in controversy exceeds the jurisdictional limit in *West Virginia Code* §51-2-2.

4.     Pursuant to *West Virginia Code* §56-1-1, Harrison County, West Virginia is the

1

appropriate venue for this action as, upon information and belief, the Defendant transacts business in the County.

### Facts and Background

5.       Plaintiff incorporates by reference all preceding allegations contained within this Complaint.

6.       On or about January 15, 2020, Plaintiff was employed by the Defendant.

7.       On or about that date, Plaintiff was injured while in the course and scope of his employment, at a utility worksite in or near Oklahoma, Pennsylvania.

8.       Subsequently, the Plaintiff attempted to file and/or did file a claim with Defendant Osmose's workers' compensation insurance carrier.

9.       On January 24, 2020, Plaintiff was terminated from his employment with Defendant Osmose by employees/agents of Defendant Osmose.

10.      Plaintiff was a satisfactory employee who, at all times, performed his duties in accordance with Defendant's reasonable expectations.

### Count I
### Wrongful Discharge – Workers' Compensation Discrimination

11.      Plaintiff incorporates the allegations in all preceding paragraphs by reference and as if alleged fully herein.

12.      Defendant's actions in terminating Plaintiff, and/or failing to retain/reinstate or transfer Plaintiff, were motivated, either in whole or in part, by Plaintiff's receipt of, or attempt to receive, benefits under the West Virginia Workers' Compensation Act, W.Va. Code § 23-1-1, *et seq.*, and are, therefore, in violation of W.Va. Code § 23-5a-1.

2

EXHIBIT A

13.     As direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages and benefits in an amount to be determined by the jury.

14.     As a direct and proximate result of the Defendant's actions, Plaintiff is entitled to damages for indignity, embarrassment and humiliation in an amount to be determine by the jury.

15.     Defendant's actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff entitling the Plaintiff to punitive damages in an amount to be determined by the jury.

<u>Count II</u>
**Disability Discrimination in Violation of the West Virginia Human Rights Act
(W.Va. Code 5-11-1, *et seq.*)**

16.     Plaintiff incorporates the preceding Paragraphs of this Complaint, as if fully restated below.

17.     At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability within the meaning of the West Virginia Human Rights Act.

18.     Defendant was aware of Plaintiff's disabilities, including, but not limited to, his work-related injury.

19.     Alternatively, Defendant regarded Plaintiff as disabled within the meaning of the West Virginia Human Rights Act.

20.     Defendant failed to engage in an interactive process in order to determine whether Plaintiff could perform the essential functions of his position with a reasonable accommodation.

21.     Defendant took adverse actions against Plaintiff on the basis of his disability and/or perceived disability, including the adverse actions outlined in the preceding paragraphs of this

3

Complaint, and culminating in Plaintiff's discharge.

22.     The actions of Defendant were intentional, malicious, and in reckless disregard for Plaintiff's protected rights.

23.     As a directed result of the aforementioned unlawful actions, Plaintiff has suffered loss of pay, physical distress and pain, emotional distress and pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

24.     Plaintiff has also incurred, and will continue to incur, attorney's fees and costs in prosecuting this action.

**WHEREFORE,** Plaintiff, Robert Joseph Johnson, requests that he be awarded judgment against Defendant Osmose Utilities Services, Inc. for the following:

(a)     compensatory damages in an amount to be determined by the jury;

(b)     punitive damages, to the extent that they are warranted by the facts and the applicable law;

(c)     pre-judgment and post-judgment interest as allowed by law;

(d)     attorneys' fees, costs and expenses incurred in connection with this action; and

(e)     such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

4

ROBERT JOSEPH JOHNSON,

Plaintiff,

By Counsel:

ERIC M. HAYHURST (W.Va. No. 11042)
HAYHURST LAW PLLC
34 Commerce Drive, Suite 203
Morgantown, WV 26504
(304) 212-7099 office
(304) 212-7108 fax
eric@hayhurstlaw.com

5

**IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA**

**ROBERT JOSEPH JOHNSON,**

       **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 20-C-273-3**
                                        **HONORABLE JAMES A. MATISH**

**OSMOSE UTILITIES SERVICES, INC.,**
**a Gerogia Corporation,**

       **Defendants.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OSMOSE UTILITIES SERVICES, INC.

Pursuant to the provisions of Rules 26, 33 and 34 of the *West Virginia Rules of Civil Procedure*, the Plaintiff, Robert Joseph Johnson, by and through his counsel, Eric M. Hayhurst of Hayhurst Law PLLC, hereby requests that Defendant Osmose Utilities Services, Inc. answer, in writing and under oath, the following Interrogatories and Requests for Production of Documents and that service of Defendant Osmose Utilities Services, Inc.'s answers to these discovery requests be made upon Plaintiff's counsel within thirty (30) days.

### INSTRUCTIONS

1.      For the purposes of these discovery requests, Defendant Osmose Utilities Services, Inc. shall be referred to as "you" or "your," unless otherwise indicated.

2.      These discovery requests are continuing in nature so as to require you to file supplemental answers promptly in the event you obtain further information subsequent to the date of your initial responses.

3.      Each discovery request is to be answered separately and as completely as possible.

EXHIBIT A

The fact that an investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each discovery request as fully as possible. The omission of any name, fact, or other item of information from the answer shall be deemed a representation that such name, fact, or item was not known to you, your counsel, or other representatives at the time of service of your responses to these discovery requests.

4.     Each Interrogatory is to be answered in a narrative form and may not be answered by mere reference to exhibits, attachments, or previous filings, such as "see Answer" or "see Exhibit A."

5.     As used in these discovery requests, the term "document" shall be understood to apply to and shall include without limitation all written, graphic, photographic, electromagnetic or recorded matter, however reproduced or produced, of every kind and description. The term "document" also refers to originals (or copies where originals are unavailable) of any file, correspondence, publication, teletype messages, telexes, notes, or visual or sound recordings of any type of telephone conversations, meetings, conferences, compilations, studies, tabulations, tallies, maps, diagrams, drawings, plans, pictures, movies, computer runs, computer data bases, advertising and promotional material, proposals, reports, notebooks, minutes and records of any type of director meetings, memoranda of all types, inter-office communications, reports, contracts, agreements, ledgers, books of account, vouchers, bank checks, financial statements, working papers, statistical analyses, invoices, purchase orders, notebooks, desk calendars, appointment books, diaries, time sheet logs, abstracts, summaries, and any analyses of the above, and other documents similar to the foregoing, however denominated, whether or not in your personal control or possession.

6.      If you object to all or a portion of a discovery request you should answer as much of the discovery request as is not, in your view, objectionable, and separately state which portion of the discovery request you object to and the grounds for your objection.

7.      If you believe all, or a portion of, a discovery request calls for privileged information, you should answer as much of the discovery request which does not, in your view, call for privileged information, and separately state which portion of the discovery request you believe calls for privileged information and the basis of each claimed privilege.

8.      If you assert that any requested document is privileged, please identify the following:

       a.      The author of the document;

       b.      The current custodian of the document or, if unknown, the last known custodian of the document;

       c.      The date of the document;

       d.      The subject matter and title of the document;

       e.      The number of pages of the document;

       f.      The identities of the individuals who received or saw copies of the document; and

       g.      The specific grounds on which the privilege has been asserted.

9.      If any document requested has been lost, destroyed, or is otherwise unavailable for inspection, photocopying, or reproduction, identify the authors, addressees, the last custodian of the document, and the circumstances surrounding the document's loss, destruction, or unavailability.   Further, please provide a description of the document if you are able to do so.

10.      Unless otherwise specified, these discovery requests refer to the time, place and

circumstances of the occurrences complained of in the pleadings filed in this case.

11.     Where knowledge, information, or possession of a document is requested of you, such request includes knowledge, information, or possession of your agents, representatives, and, unless privileged, your counsel.

12.     Where the name or identity of an individual is requested, please include the individual's full name, residential address and telephone number, business address and telephone number and, where applicable, the individual's job title or position.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify by name, address and title, the individual(s) providing answers to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**     For Plaintiff, Robert Joseph Johnson, provide his date of hire, date of on the job injury, date of return to work from injury and last day of work.

**ANSWER:**

**INTERROGATORY NO. 3:** Provide the name, address, telephone number and job title of all persons who supervised Robert Joseph Johnson during his employment with you.

**ANSWER:**

**INTERROGATORY NO. 4:**     Provide the name, address, telephone number and job title of all persons who were employed by Osmose Utilities Services, Inc. who worked at the

job site where Robert Joseph Johnson worked during his employment with Defendant.

**ANSWER:**

**INTERROGATORY NO. 5:** Provide the names and addresses of all shareholders of Osmose Utilities Services, Inc., and state the number of shares owned by each shareholder.

**ANSWER:**

**INTERROGATORY NO. 6:** Provide the names and addresses of the directors of Osmose Utilities Services, Inc.

**ANSWER:**

**INTERROGATORY NO. 7:** Provide the names and addresses of the officers of Osmose Utilities Services, Inc.

**ANSWER:**

**INTERROGATORY NO. 8:** Describe in full and complete detail the nature of Osmose Utilities Services, Inc. business and provide the address of all locations where it operates a business.

**ANSWER:**

**INTERROGATORY NO. 9:** Provide the names of all businesses and/or corporations related to Osmose Utilities Services, Inc. (including all parent, subsidiary or sister organizations), and for each such business state the owners/shareholders and their percent of interest; the names and addresses of the directors; and the names and addresses of the

EXHIBIT A

officers.

**ANSWER:**

**INTERROGATORY NO. 10:**        Describe the relationship of Osmose Utilities Services, Inc. to any business listed in the preceding Interrogatory.

**ANSWER:**

**INTERROGATORY NO.   11:**    For the time period from January 1, 2017 to January 24, 2020 provide a list of all job positions at Osmose Utilities Services, Inc. where Plaintiff, Robert Joseph Johnson was injured and disabled in Plaintiffs Complaint and all related businesses as described in your answer to Interrogatory No.   8 above.

**ANSWER:**

**INTERROGATORY NO. 12:**        For each job position listed above in Interrogatory No. 11, state the name of each person holding that position from the time period of January 1, 2017 to present.

**ANSWER:**

**INTERROGATORY NO. 13:** For each person listed above in Interrogatory No. 12, provide his or her date of hire, position hired into, rates of pay during his or her entire employment, and date of termination, if applicable, or date of last employment with Defendants.

**ANSWER:**

**INTERROGATORY NO. 14:**        For each job position listed above your answer to

in Interrogatory No. 11, describe all qualifications required, including but not limited to educational, physical and experience requirements.

**ANSWER:**

**INTERROGATORY NO. 15:**     For each job position listed above in your answer to Interrogatory No. 11, describe its essential functions.

**ANSWER:**


**INTERROGATORY NO. 16:**     For each job position listed above in your answer to Interrogatory No. 11, state whether Robert Joseph Johnson could or could not perform any of the essential functions during his employment. If not, identify which essential functions he could not perform and why he could not perform them.

**ANSWER:**


**INTERROGATORY NO. 17:**     State why Robert Joseph Johnson's employment with Defendants was terminated.

**ANSWER:**


**INTERROGATORY NO. 18:**     Describe what caused Robert Joseph Johnson's on-the-job injuries.

**ANSWER:**


**INTERROGATORY NO. 19:**     Describe your policies and procedures relating to on-the-job injuries, return to work after an injury and accommodations for the disabled.

EXHIBIT A

**ANSWER:**

**INTERROGATORY NO. 20:**　　　　　Describe all accommodations offered to or provided to Robert Joseph Johnson for his injury or disability.

**ANSWER:**

**INTERROGATORY NO. 21:** If Robert Joseph Johnson requested accommodations that you considered unreasonable, please describe which accommodations those were and why Defendant considers that accommodation unreasonable.

**ANSWER:**

**INTERROGATORY NO. 22:** If Robert Joseph Johnson refused an accommodation for his injuries or disabilities that was offered by Osmose Utilities Services, Inc., please describe the offer and why it was refused.

**ANSWER:**

**INTERROGATORY NO. 23:**　　　　　Describe all positions held by Robert Joseph Johnson during his employment with Osmose Utilities Services, Inc., and the rate of pay for each job.

**ANSWER:**

**INTERROGATORY NO. 24:**　　　　　Describe Robert Joseph Johnson's job performance during his employment with Defendant Osmose Utilities Services, Inc.

**ANSWER:**

**INTERROGATORY NO. 25:**      Describe all disciplinary action of any kind assessed against Robert Joseph Johnson during his employment. For all such actions provide:

    a.      The date of all actions assessed against Mr. Johnson.

    b.      The nature of such actions; and

    c.      The reason for such action.

**ANSWER:**

**INTERROGATORY NO. 26:**      Identify by date all meetings, conferences, discussions or conversations where Robert Joseph Johnson's employment and/or transfer to other positions and/or his termination were discussed. For all such meetings, conferences, discussions or conversations provide:

    a.      The date;

    b.      The location;

    c.      Persons who took part or were in attendance; and

    d.      Substance of meeting, conference discussion or conversation.

**ANSWER:**

**INTERROGATORY NO. 27:**      Identify   by   date   all   meetings,   conferences, discussions or conversations where Robert Joseph Johnson's injury, health condition, ability to work

or rehabilitation was discussed. For all such meetings, conferences, discussions or conversations, provide:

    a.      The date;

    b.      The location;

    c.      Persons in attendance; and

    d.      Substance of meeting, conference or conversation.

**ANSWER:**


**INTERROGATORY NO. 28:** From January 1, 2012 to the present, identify all persons other than the Plaintiff for whom Defendant have provided accommodations due to a disability or handicap. For each such person provide:

    a.      His or her name;

    b.      Date of hire;

    c.      Disability or handicap;

    d.      Accommodation provided for the disability or  handicap; and

    e.      Date such accommodations were provided.

**ANSWER:**

EXHIBIT A

**INTERROGATORY NO. 29:**      If Defendant denies that Plaintiff is disabled, state in detail the factual basis for such denial.

**ANSWER:**

**INTERROGATORY NO. 30:**      At the time of Robert Joseph Johnson's termination, provide:

a.      His rate of pay;

b.      Total gross income paid to him during employment;

c.      All benefits and their monetary value that Mr. Johnson would have been entitled to or would have received had he not been terminated.

**ANSWER:**

**INTERROGATORY NO. 31:**      Provide the names, job titles, addresses and phone numbers of all persons with knowledge of all facts relating to the Plaintiffs' claims or Defendants' defenses.

**ANSWER:**

**INTERROGATORY  NO. 32:** Identify  each person  whom you  expect to  call as an expert witness at the trial in this matter and for each such person identified, state the subject matter  in which the expert is expected to testify, the substance of the facts and opinions to which each   expert is expected to testify,   and a summary of the grounds for each opinion.

EXHIBIT A

**ANSWER:**

**INTERROGATORY NO. 33:**      Provide the style and jurisdiction of all other suits and claims against any of the Defendant alleging disability, handicap, or workers' compensation discrimination for the preceding 5 years.

**ANSWER:**

**INTERROGATORY NO. 34:**      Provide the name of the insurance company providing a defense for any of the Defendants and the limits of liability covering any of the claims asserted by the Plaintiff.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**  All records and information maintained by Defendant Osmose Utilities Services, Inc., concerning Robert Joseph Johnson, including his personnel file, performance evaluations, performance awards or other awards, disciplinary records, commendations or criticism from supervisors or co-workers, letters of recommendation; memoranda concerning Mr. Johnson's work performance, letter or notices of termination, doctors' reports or letters, records relating to Mr. Johnson's injury or disability or physical limitations, and all records relating to Mr. Johnson's workers' compensation   claims.

**RESPONSE:**

**REQUEST NO. 2:**  All memoranda, letters, or writings of any nature by or to any or all

EXHIBIT A

of the Defendants, or between agents of the Defendants, relating to Plaintiff's work performance.

**RESPONSE:**

**REQUEST NO. 3:** All memoranda, letters or writings of any nature by or to any or all of the Defendants, or between agents of the Defendants, relating to termination of either of the Plaintiff's employment with Defendants.

**RESPONSE:**

**REQUEST NO. 4:** All memoranda, letters, or writings of any nature by or to any or all of the Defendants, or between agents of the Defendants, relating to termination of the Plaintiff, or his working condition, disability, perceived disability or work accommodations.

**RESPONSE:**

**REQUEST NO. 5:** All job descriptions printed or published by you in existence at any time during the period from January 1, 2012 to January 24, 2020 for all positions listed in response to Interrogatory No. 11 of Plaintiff's First Set of Interrogatories.

**RESPONSE:**

**REQUEST NO. 6:** If no such job descriptions exist as requested above, then provide the applications for all persons holding the positions described in Interrogatory No. 11 from January 1, 2012 to January 24, 2018.

**RESPONSE:**

**REQUEST NO. 7:** All memoranda, letter or writings of any nature by to any or all

of the Defendants, or between agents of Defendants, relating to the Plaintiff's return to work after his on-the-job injury, the position he held or offered upon return to work, any rehabilitation required for his injuries, and/or jobs offered by Defendants.

**RESPONSE:**

**REQUEST NO. 8:** All memoranda, letters or writings of any nature provided by Defendants or on behalf of the Defendants to any of Plaintiff's doctors or other health care providers, or vocational rehabilitation workers.

**RESPONSE:**

**REQUEST NO. 9:** All memoranda, letters or writings of any nature provided by Defendants or on behalf of the Defendants to the workers' compensation insurance carrier, Office of Judges, or any entity whatsoever related to the Plaintiff's workers' compensation claims.

**RESPONSE:**

**REQUEST NO. 10:** All memoranda, letters or writings of any nature relating to Defendants' claim that Robert Joseph Johnson was offered a comparable position which he refused.

**RESPONSE:**

**REQUEST NO. 11:** All memoranda, letters or writings of any nature relating to Robert Joseph Johnson's accident that occurred while he was employed by you.

**RESPONSE:**

**REQUEST NO. 12:** Defendants' employee handbook or guidelines in existence from January 1, 2012 to present, including but not limited to memos, letters or anything having to do with return to work from on the job injuries.

**RESPONSE:**

**REQUEST NO. 13:** All records setting forth the Plaintiff's total gross earnings during employment.

**RESPONSE:**

**REQUEST NO. 14:** All records or information relating to your benefit packages for employees in the Plaintiff's position at the time of his termination, including, but not limited to, medical, hospitalization and life insurance, retirement and/or pension plan and vacations.

**RESPONSE:**

**REQUEST NO. 15:** All records and information relating to job descriptions, qualifications, education, training and experience required for all positions listed in response to Interrogatory No. 11 of Plaintiff's First Set of Interrogatories.

**RESPONSE:**

EXHIBIT A

**ROBERT JOSPEH JOHNSON,**

**Plaintiff,**

**By Counsel:**

ERIC M. HAYHURST (W. Va. No. 11042)
HAYHURST LAW PLLC
34 Commerce Drive, Suite 203
Morgantown, WV 26504
(304) 212-7099 office
(304) 212-7108 fax
eric@hayhurstlaw.com

EXHIBIT A